In re Charles L. HILL & Doris L. Hill, Debtors.

Bankruptcy No. 85–04694–C–11.

United States Bankruptcy Court, W.D. Missouri, C.D.

Nov. 18, 1986.

Douglas L. Winchester, Springfield, Mo., for debtors.

Steven N. Cousins, St. Louis, Mo., for Mutual of New York.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtors filed their petition for relief under Chapter 11 on December 27, 1985. Mutual Life Insurance Company of New York (movant) filed its Motion for Relief From the Automatic Stay on July 30, 1986. At the time of hearing on October 29, 1986, the parties stipulated: (1) that the debt owed to movant was $891,640.63 at the time of filing the petition for relief; (2) that the value of the real estate on June 4, 1986 was $680,000.00 and (3) that the Court should use the above values for the October hearing. Although not specifically stipulated, movant apparently acquiesced to the belief that the real estate which was security for the debt was necessary for any reorganization of the debtors. The issue then to be resolved by the Court was adequate protection of a seriously undersecured creditor.

Debtors made an offer of adequate protection to pay 9.5% of the stipulated fair market value to the creditor and citing *In re Ahlers*, 794 F.2d 388 (8th Cir.1986) offered to make said payment of $64,600.00 per year starting September 1, 1987, or one year, one month and two days from the date that movant filed its Motion for Adequate Protection. Although the Court should normally examine a number of cases, starting with *American Mariner,* 734 F.2d 426 (9th Cir.1984) and then progressing through *In re Martin,* 761 F.2d 472 (8th Cir.1985), *In re Briggs Transportation,* 780 F.2d 1339 (8th Cir.1985), not to mention *In re Timbers of Inwood Forest,* 793 F.2d 1380 (5th Cir.1986) before determining the propriety of adequate protection as well as the amount, type and payment terms, as in this case the parties have invited the Court to rule on the matter considering only the elements in the *Ahlers* context. In other words, the Court has been asked to make a legal conclusion as to the time element that *Ahlers* dictates in regard to a Missouri foreclosure of real estate. The Court would normally refrain from such an action except that the parties have (in effect) stipulated away all the other issues, presented no evidence, and requested the Court to rule the issue on the pleadings and stipulation.

The Eighth Circuit Court in *Ahlers* held that adequate protection payments on real estate and improvements should be delayed for a period of one year and six weeks from the date that an application for adequate protection is filed. This is based on two time frames. First, the Minnesota foreclosure statute requires publication of foreclosure notice for six weeks before the actual sale. Second, the Minnesota statutes provide that the mortgagor possesses an exclusive right to redeem the property for one year and may retain possession of the real estate during that period without reimbursing the mortgagee for any use or waste. The Missouri Statutes are far different and redemption is considerably more complicated.

If a debtor wishes to redeem in Missouri, three things must occur: one before sale, one at sale and one after sale. First, within ten days before sale the debtor must serve the Trustee with a notice of his intent to redeem Mo.R.S. Section 443.410. Second, at sale the successful bidder at the sale must be the holder of the debt who is foreclosing. Mo.R.S. Section 443.410.

Third, if the first two conditions are met, then within twenty days after sale the debtor must "give security to the satisfaction of the circuit court" in the form of a bond, and a motion or application for approval of said bond must be filed and notice given to the purchaser, Mo.R.S. Section 443.420 and 443.430.

That bond shall assure: (1) the payment of the interest on the debt for one year from the sale, (2) payment in full of the legal charges and costs of the sale, (3) all taxes and assessments for the ensuing year, (4) damages for all waste suffered during the year, (5) interest for one year on all prior encumbrances, and (6) interest at 6% per annum on all taxes, interest and costs paid by the purchaser during the year. Thus, it becomes quite clear that the redemption rights in Missouri are totally different than the redemption rights in Minnesota, and there is no automatic one year redemption available to the debtors in this case.

Finally, the time element for foreclosure is also different. In rural communities, it would be presumed that the required publication would occur in weekly newspapers and at least four publications embracing twenty (20) days would be utilized. Mo. R.S. Section 443.320. Thus, the Court rules that thirty (30) days instead of six (6) weeks is the initial time to be used in fixing the effective date that adequate protection is to begin. The Court also rules that the one year period is not to be used in fixing such effective date because the redemption period in Missouri is not automatic and requires the posting of a bond by the debtor.

Therefore, the Court concludes that adequate protection in the instant case should start thirty (30) days after the filing of the Motion for Adequate Protection or on August 30, 1986. Realizing that *Ahlers* endorses the possibility of annual payments for farmers because of annual crop harvest and income and also realizing that this is the time that harvest proceeds should be accruing to the debtors, the Court will adopt the figures submitted by the parties

and order adequate protection payments of $5,383.33 beginning thirty (30) days from July 30, 1986, but because of the harvest element, will allow the debtors thirty (30) days from the date of this Order to make the initial payment which would be four (4) plus payments. All other payments will be due on the 30th day of each month thereafter. In the event that debtors shall default in any such payment for a period of ten (10) days or more, movant may proceed with foreclosure without further Order of this Court. Obviously, if foreclosure is commenced, debtors may avail themselves of the statutory redemption rights.